793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MARY ALICE CARTER, Defendant-Appellant.
 85-3579
 United States Court of Appeals, Sixth Circuit.
 5/23/86
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Alice Carter appeals an order of the United States District Court for the Northern District of Ohio denying her motion under Fed. R. Civ. P. 35 to modify her sentence.
 
 
 2
 Carter pled guilty to uttering a forged United States Treasury check in the amount of $1,953.69 on October 7, 1984. At that time she was 35 years old, unemployed, and the mother of twelve children. Her monthly income consisted of $721 from ADC and approximately $400 in food stamps. The district court, stating its concern for her family, imposed the maximum ten-year sentence to ensure that she served a sufficient time before she would be eligible for parole, but deferred execution of the sentence for 120 days. The court stated that during the deferment period the Probation Department would prepare a report and the court would make a final determination whether to execute the sentence or suspend it and place her on probation. '[A]t that time,' the court stated, 'there will be a fuller opportunity for a dialogue in open court between the defendant, defendant's counsel, the prosecutor, and the Court, so that we can fully and completely examine what ought to be the future course that this case should take.'
 
 
 3
 On January 18, 1985, the probation officer issued an unfavorable report which stated, 'Overall, this defendant has been totally uncooperative during the bond supervision period.' On January 30, the court ordered execution of Carter's sentence, noting her uncooperativeness. The court denied a subsequent motion under Fed. R. Crim. P. 35 to modify her sentence. Carter appeals the denial of that motion.
 
 
 4
 On appeal, she contends that the district court was obligated to provide notice and a hearing before making its final determination on her sentence, and that the sentence imposed is disproportionate to the crime committed.
 
 
 5
 We have carefully examined the record in this case and especially the dialogue which took place at the time of sentencing Mrs. Carter. It is clear that the court was determined to impose sentence at that time, and he did so impose it. It is also clear to us that at that time the trial judge was considering the possibility of exercising on his own motion the right reserved to him under Rule 35 of the Federal Rules of Criminal Procedure to modify that sentence, a right which he could exercise at any time up to 120 days from the date of sentence or the conclusion of a final appeal therefrom, but not thereafter. Neither this right reserved to the court, nor the right conferred upon the defendant under Rule 35 to apply within that same time to the court for such modification, implicated such liberty interests as to require the formality of notice, formal hearing and confrontation. We conclude that this circumstance was not affected by the unusual comments which the trial judge made at the time of sentencing. We find no impediment in the court rules or in the law generally to the trial court's deferral of the execution of a sentence pending his consideration of whether he will or will not on his own motion grant a modification of that sentence under Rule 35, and while the execution of sentence was unusual here, we are unable to hold that it constituted any abuse of his discretion or, indeed, caused any demonstrable prejudice to the defendant herself. We likewise find no abuse of his discretion in the judge's denial of Mrs. Carter's own petition filed under Rule 35, nor can we find that the sentence imposed, although indeed, heavy, was violative of her rights under the Eighth Amendment.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.